# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DARWIN VILLASINDA,

    Petitioner,

v.                                                                         No. 2:26-cv-0605-KWR-JHR

PAMELA BONDI, United States Attorney General;
KRISTI NOEM, Secretary, U.S. Department of
Homeland Security; TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso Field Office; and
WARDEN, Otero County Processing Center,

    Respondents.[1]

## MEMORANDUM OPINION AND ORDER DIRECTING AMENDMENT

Before the Court is the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition), filed by Yuselis Bracho on behalf of Petitioner Darwin Villasinda. Petitioner challenges his custody by Immigration and Customs Enforcement (ICE) at the Otero County Processing Center in Chaparral, New Mexico. Petitioner states he has been in immigration detention since January 5, 2026, and that his custody began "following a final order of removal." (Doc. 1) at 1. Petitioner seeks an "individualized review of detention" or immediate release from detention. *Id.* at 2.

---

[1] The Court adds/substitutes the above-listed parties as Respondents. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

On this record, the Court cannot adequately evaluate Petitioner's claims under Habeas Rules 1 and 4 to determine whether the Government should file an answer. Petitioner does not state the date he entered the United States or whether he has been provided a bond hearing by an Immigration Judge. He also does not provide the date of his removal order or whether it has been appealed to the Board of Immigration Appeals. Accordingly, the Court is unable to determine if Petitioner raises a claim for relief under 8 U.S.C. § 1226. if Petitioner is being detained under 8 U.S.C. § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an Immigration Judge's discretionary decision to deny bond under a decision under that statute. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."). The Court is further precluded from requiring multiple bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (concluding that §§1225(b), 1226(a), and 1226(c) do not give detained immigrants the right to periodic bond hearings during the course of their detention pending a final order of removal). Additionally, the Court is unable to determine whether Petitioner raises a colorable claim challenging his detention under 8 U.S.C. § 1231 because Petitioner does not provide the date his removal order was issued or whether it has been appealed. *See Zadvydas v. Davis,* 533 U.S. 678, 682, 701 (2001) (holding that where immigration officials are attempting to effectuate a removal, detention is presumptively reasonable for six (6) months after a final order of removal is entered); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals.").

For the foregoing reasons, it is unclear if Petitioner can raise a colorable claim for habeas relief. The Court will require Petitioner to file an amended Section 2241 petition within twenty-one (21) days of entry of this Order. The amendment should include more details about when Petitioner entered the United States; what process (hearings, etc.) Petitioner has received so far; the status of his immigration proceedings, including the date of his removal order and whether it is on appeal; and whether the Immigration Court has denied him bond. The Court encourages Petitioner to attach copies of any Immigration Court orders, if possible. The failure to timely amend in accordance with these instructions may result in dismissal of this case without prejudice and without further notice.

Petitioner has also not paid the $5 habeas filing fee or, alternatively, filed a motion to proceed *in forma pauperis*. The Clerk's Office shall mail Petitioner a motion to proceed *in forma pauperis*, and Petitioner must cure this deficiency within thirty (30) days of entry of this Order. All filings must include the case number (No. 26-cv-0605-KWR-JHR).

**IT IS THEREFORE ORDERED** that **within twenty-one (21) days** of entry of this Order, Petitioner must file an amended Section 2241 petition as set forth above;

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank 28 U.S.C. § 2241 habeas petition and a form motion to proceed *in forma pauperis*, and shall **ADD** the additional party Respondents set forth in the caption of this Order to the docket of this case.

      /S/ KEA W. RIGGS
      UNITED STATES DISTRICT JUDGE