**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DARWIN VILLASINDA,

     Petitioner,

v.                                      No. 26-cv-605-KWR-JHR

WARDEN, Otero County Processing Center, *et al*.,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Darwin Villasinda's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 4) (Amended Petition).  Petitioner is proceeding *pro* se and filed his Amended Petition pursuant to the Court's Order Directing Amendment (Doc. 3).  Having reviewed the record, the Court determines that Petitioner is subject to detention during the 90-day removal period under 8 U.S.C. § 1231.  The Court will therefore dismiss the Amended Petition without prejudice to refiling, as set forth below.

**BACKGROUND**

Petitioner challenges his immigration custody at the Otero County Processing Center in Chaparral, New Mexico.  Petitioner states that on January 29, 2026, an Immigration Judge entered an order of removal, and he did not file an appeal of the decision.  (Doc. 4) at 2; *see also* https://acis.eoir.justice.gov/en/caseInformation (reflecting a removal order was entered on January 29, 2026, and no appeal was received by the Board of Immigration Appeals).  Petitioner contends

he was detained without cause and his immigration hearing was conducted without adequate due process.   (Doc. 4) at 6.   He seeks release from immigration custody.   *Id.* at 7.

## DISCUSSION

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).   Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief.   *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the petition is not dismissed, the Judge must order … an answer."   *Id.*

Where, as here, Petitioner is subject to a final order of removal, detention is governed by *Zadvydas,* 533 U.S. at 682 and 8 U.S.C. § 1231.   The Government is expected to secure a noncitizen's removal within 90 days after a removal order becomes final.   *Zadvydas,* 533 U.S. at 682; *see also* 8 U.S.C. § 1231(a)(1).   "During the 90-day removal period, … [the noncitizen] must be held in custody."   *Zadvydas,* 533 U.S. at 683 (citing § 1231).   After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.   *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable.   *Zadvydas,* 533 U.S. at 701.   "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional.   *Id. at* 701.

2

Petitioner's removal order became final on March 2, 2026 – thirty days after it was issued. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.). Consequently, Petitioner is subject to detention during the 90-day statutory removal period. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen). Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable for another six months. *See Zadvydas,* 533 U.S. at 701. Petitioner therefore cannot prevail on his claim for prolonged detention or obtain a release at this time. Petitioner is also not entitled to a bond hearing. *See Gregorio v. Warden,* 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory."); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to … orders of removal, meaning those aliens are not entitled to a bond hearing.").

Because the Court cannot grant the requested relief at this time, the Amended Petition will be dismissed without prejudice. Petitioner may refile his claims for prolonged detention after expiration of the six-month period under *Zadvydas* or if the basis for the claims change. The Court will also deny Petitioner's Motion to Proceed In Forma Pauperis (Doc. 5) without prejudice as moot.

**IT IS THEREFORE ORDERED** that Petitioner Darwin Villasinda's *pro se* Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 4**) and Motion to Proceed In Forma Pauperis (**Doc. 5**) are **DISMISSED without prejudice** to refiling; and the Court will enter a separate judgment closing the civil case.

<u>    /S/ KEA W. RIGGS            </u>
UNITED STATES DISTRICT JUDGE